UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| STEVEN NGO and MONICA WONG-NGO,<br><br>    Plaintiffs,<br><br>    v.<br><br>CASONDRA TSHIMANGA,<br><br>    Defendant.<br>_____/ | No. C 14-00754 LB<br><br>**ORDER (1) GRANTING DEFENDANT'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND (2) DIRECTING THE CLERK OF THE COURT TO REASSIGN THIS ACTION TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>[Re: ECF No. 3] |

**INTRODUCTION**

On January 24, 2014, plaintiffs Steven Ngo and Monica Wong-Ngo (collectively "Plaintiffs"), brought an unlawful detainer action against defendant Casondra Tshimanga ("Ms. Tshimanga") in the Alameda County Superior Court. *See* Notice of Removal, ECF No. 1 ¶ 1.[1] On February 19, 2014, Ms. Tshimanga, who is proceeding *pro se*, removed the action to federal court and filed an application to proceed *in forma pauperis*. *See* Notice of Removal, ECF No. 1; IFP Application, ECF No. 3. The court **GRANTS** Ms. Tshimanga's application to proceed *in forma pauperis*, **ORDERS** the Clerk of the Court to reassign the action to a district judge, and **RECOMMENDS** that the

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 14-00754 LB
ORDER; REPORT AND RECOMMENDATION

UNITED STATES DISTRICT COURT
For the Northern District of California

newly-assigned district judge remand the action to the Alameda County Superior Court.

**STATEMENT**

Plaintiffs allege that they own the property at 20949 Chester St., Castro Valley, California. Complaint, ECF No. at 1 at 5. Ms. Tshimanga agreed to rent Plaintiffs' property on April 1, 2013 and to pay them $1,275 in rent each month. *See id*. Plaintiffs allege that Ms. Tshimanga owes $3,825.00 in unpaid rent for the months of November and December 2013 and January 2014. *Id.*, ECF No. 1-1 at 1-2; Notice to Quit, ECF No. 1-1 at 3.

As a result of Ms. Tshimanga's failure to promptly pat the rent agreed upon, Plaintiffs served Ms. Tshimanga with a three-day notice to pay rent or quit on January 8, 2014. Complaint, ECF No. 1-1 at 1; Notice to Quit, ECF No. 1-1 at 3-4. Plaintiffs then filed the instant unlawful detainer action in Alameda County Superior Court on January 24, 2014. Complaint, ECF No. 1 at 5. Plaintiffs seek all unpaid rent due and damages of $42.50 for each day that Ms. Tshimanga remains in possession of the property from February 5, 2014 until the entry of judgment, along with the forfeiture of the lease agreement and all of their attorney's fees and costs. *Id.*, ECF No. 1-1 at 2. On January 31, 2014, Ms. Tshimanga answered Plaintiffs' unlawful detainer. Answer, ECF No. 1-1 at 8-10. She then removed the action to federal court on February 19, 2014, alleging federal-question jurisdiction. Notice of Removal, ECF No. 1 ¶ 9.

**ANALYSIS**

**I. MS. TSHIMANGA'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***

As an initial matter, the court notes that Ms. Tshimanga filed an application to proceed *in forma pauperis* on February 19, 2013. IFP Application, ECF No. 3. Upon consideration of Ms. Tshimanga's application, the court **GRANTS** her application.

**II. FEDERAL QUESTION JURISDICTION DOES NOT EXIST**

A defendant in state court may remove an action to federal court when the question arises under federal law.[2] 28 U.S.C. § 1331. It is the removing defendant's burden to prove the basis for federal

---

[2] District courts have original jurisdiction over cases that arise under the law of the United States. U.S. Const. art. III, § 2, cl. 1.

jurisdiction. *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). Removal jurisdiction statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). An actual or anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). However, a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Franchise Tax Bd. of California*, 463 U.S. at 22.

In this action, Plaintiffs allege a single claim against Ms. Tshimanga for unlawful detainer. Unlawful detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction. *See, e.g., GMAC Mortg. LLC v. Rosario*, No. C 11-1894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).

Ms. Tshimanga nonetheless assert that the court has federal question jurisdiction because Plaintiffs violated the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3601, and the Americans with Disabilities Act, as amended by the ADA Amendments Act (collectively "ADA"), 42 U.S.C. § 12101 et seq. Notice of Removal, ECF No. 1 ¶ 10. These assertions, however, are federal defenses which, regardless of their merit, cannot provide this court with federal question jurisdiction. *Franchise Tax Bd. of California*, 463 U.S. at 10; *Hunter*, 582 F.3d at 1042-43. Accordingly, federal question jurisdiction does not exist.

### III. DIVERSITY JURISDICTION DOES NOT EXIST

Even though federal question jurisdiction does not exist, the court considers whether Ms. Tshimanga may invoke diversity jurisdiction.

Federal courts have diversity jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Furthermore, removal is impermissible if any defendant is a citizen of the state in which the action is brought (even if the opposing parties are citizens of different states). *See* 28 U.S.C. § 1441(b)(2).

Here, the amount of damages at issue does not come close to reaching the $75,000 threshold amount. In addition, Ms. Tshimanga is a citizen of California, so she cannot remove the action from California state court. Accordingly, diversity jurisdiction does not exist, either.

### CONCLUSION

Based on the foregoing, the court **GRANTS** Mr. Tshimanga's application to proceed *in forma pauperis*, **ORDERS** the Clerk of the Court to reassign this action to a district judge, and **RECOMMENDS** that the newly-assigned district court judge remand the action to Alameda County Superior Court.

Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72. Failure to file an objection may waive the right to review of the issue in the district court.

**IT IS SO ORDERED.**

Dated: March 11, 2014

_____
LAUREL BEELER
United States Magistrate Judge